United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESTATE OF GLENN SWINDELL, et al.,

Plaintiffs,

v.

COUNTY OF SONOMA,

Defendant.

Case No.  15-cv-00897-KAW

**ORDER REQUIRING A SUPPLEMENTAL DECLARATION IN SUPPORT OF THE PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM FOR PLAINTIFF J.S.**

Re: Dkt. No. 9

On June 16, 2015, Plaintiffs filed a petition to appoint Deann Walund as guardian ad litem for her son, J.S., who is purportedly a minor. (Dkt. No. 9 at 3.)  Ms. Walund's supporting declaration, dated May 21, 2015, however, only states that J.S.'s birth year is 1997, which means that he could be 18 years of age.[1] (Decl. of Deann Walund, Dkt. No. 9 at 5 ¶ 4.)  Therefore, within 7 days of this order, Plaintiffs shall submit a supplemental declaration with J.S.'s birthdate, so that the Court may conclusively determine whether J.S. legally requires the appointment of a guardian ad litem.

IT IS SO ORDERED.

Dated: June 25, 2015

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Court notes that Plaintiffs concurrently filed petitions to appoint guardians ad litem for the decedent's other minor children, G.S. and M.S., in which they only included their birth years. While the submission of a birth year alone is generally insufficient—a birthdate is usually required—the Court will not require supplemental declarations in support of their petitions because they are clearly minors and will likely remain so for the duration of this action.