UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF GLENN SWINDELL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SONOMA, *et al.*,<br><br>Defendants. | Case No. 15-cv-00897-SI<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 87 |

On August 18, 2017, the Court held a hearing on plaintiffs' motion for partial summary judgment. Plaintiffs move for partial summary judgment on their first and fourth causes of action against defendants Buchignani and Scanlon. Plaintiffs argue that these defendants violated plaintiffs' Fourth and Fourteenth Amendment rights by securing an arrest warrant and a search warrant through an affidavit that contained false statements and omissions. Plaintiffs' motion refers to these claims as their "judicial deception claims."

"To support a § 1983 claim of judicial deception, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004). Plaintiffs contend that Deputy Buchignani's affidavit, which included information from Sergeant Scanlon, falsely stated, *inter alia*, that Glenn Swindell had used profanity with his wife and that Glenn had ranted at his wife outside the car before he went inside the house. Plaintiffs argue that the declaration of Deputy Mahoney shows that these statements are false because Mahoney's declaration is inconsistent with Buchignani's affidavit. Plaintiffs argue that these statements were material to a finding of probable cause for the felony charge of false imprisonment, and that the felony charge was essential to obtaining the warrants in the middle of the night.

Defendants contend that plaintiffs have not met their burden on summary judgment and that there are numerous disputes of fact. Defendants also argue that plaintiffs are engaging in a "hypertechnical" analysis of Buchignani's affidavit, and that plaintiffs have mischaracterized the evidence, including taking Buchignani's testimony out of context.

The Court finds that on this record, summary judgment is not appropriate. There are disputes of fact regarding whether Buchignani and Scanlon deliberately or recklessly made false statements or omissions when preparing the warrant affidavit. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court further notes that Mahoney's declaration states that Glenn used profanity with his wife, Mahoney Decl. ¶ 7, and the information he provided about the incident is not necessarily inconsistent with Buchignani's statement that Glenn ranted at his wife outside the car. *Id*. at ¶ 13. Accordingly, the Court DENIES plaintiffs' motion for partial summary judgment.

**IT IS SO ORDERED**.

Dated: August 21, 2017

_____
SUSAN ILLSTON
United States District Judge